1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM BENETHER VAUGHN, | Case No. 1:25-cv-00144-CDB (SS) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION IN SUPPORT OF APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Docs. 2, 4) |
| Defendant. | **14-DAY DEADLINE** |

Plaintiff Kim Benether Vaughn ("Plaintiff") seeks judicial review of an administrative decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act.  (Doc. 1).

**Application to Proceed *In Forma Pauperis***

Plaintiff did not pay the filing fee and instead applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 2).  On February 7, 2025, because Plaintiff's application demonstrated that her income and resources could be above the poverty threshold and the information provided was insufficient for the Court to determine whether she is entitled to proceed without prepayment of fees in this action, the Court ordered Plaintiff to file a long-form application.  (Doc. 3).  On February 4, 2025, Plaintiff filed the long-form application to proceed *in forma pauperis*.  (Doc. 4).

To proceed in court without prepayment of the filing fee, a plaintiff must submit an

1   affidavit demonstrating that she "is unable to pay such fees or give security therefor."  28

2   U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a

3   privilege and not a right.  *Rowland v. California Men's Colony, Unit II Men's Advisory*

4   *Council*, 506 U.S. 194, 198 n.2 (1993); *see Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.

5   1984) ("permission to proceed in forma pauperis is itself a matter of privilege and not right;

6   denial of in forma pauperis does not violate the applicant's right to due process"), *abrogated on*

7   *other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989).  A plaintiff need not be absolutely

8   destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to

9   poverty, the applicant is unable to pay the costs and still be able to provide herself and her

10  dependents with the necessities of life.  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S.

11  331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of

12  fees is an exercise of the district court's discretion.  *See Escobedo v. Applebees*, 787 F.3d 1226,

13  1236 (9th Cir. 2015).

14       The Court may consider a Plaintiff's spouse's financial resources in determining whether

15  she is entitled to *in forma pauperis* status.  *Escobedo*, 787 F.3d at 1236.  Plaintiff attests in her

16  applications that her total monthly income is $1,889.00 from social security retirement.  (Docs.

17  2 at 1, 4 at 2).  Plaintiff states that her spouse's monthly income amount during the past 12

18  months (and expected next month) is $4,000.00 from disability.  (Doc. 4 at 2). Plaintiff states

19  that she and her husband live on a fixed income but are currently in the process of getting a

20  divorce.  (*Id.* at 5).  Plaintiff proffers that she and her husband are unemployed and disabled.

21  (*Id.*).  She proffers that her husband has $650.00 in his own checking account.  (*Id.*).  Plaintiff

22  proffers that she and her husband own a home valued at $400,000.00 and a 2019 Chevrolet

23  Camaro valued at $20,00.00.  (*Id.* at 3).  Plaintiff states that she does not expect any major

24  changes to her monthly income or expenses in her assets or liabilities during the next 12

25  months.  (*Id.* at 5).

26       In assessing whether a certain income level meets the poverty threshold under §

27  1915(a)(1), courts look to the federal poverty guidelines developed each year by the

28  Department of Health and Human Services.  *E.g., Elmer v. Comm'r of Soc. Sec.*, No. 1:22-cv-

01045-AWI-SAB, 2022 WL 5237463, at *2 (E.D. Cal. Sep. 21, 2022) (citing *Lint v. City of Boise*, No. CV09-72-S-ELJ, 2009 WL 114942, at *2 (D. Idaho. Apr. 28, 2009) (collecting cases)), *F&R adopted*, 2022 WL 9452375 (E.D. Cal. Oct. 14, 2022).  Plaintiff claims a spouse and no dependents.  (Doc. 4 at 3).  The 2025 Poverty Guidelines for the 48 contiguous states for a household of two is $21,150.  2025 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited February 10, 2025).  Plaintiff and her spouse's income lie above the poverty threshold.  Given Plaintiff's representation that she is currently in the process of a divorce, her own reported income lies above the poverty threshold for a household of one (*i.e.*, $15,650) with an estimated fixed income of $22,668 a year.  Therefore, Plaintiff's income lies above the poverty threshold.

Plaintiff also claims individual monthly expenses totaling $1,952.00, which exceeds her individual reported income.  (Doc. 4 at 5).  Plaintiff claims the following itemized monthly expenses: $325.00 utilities; $200 food; $25.00 laundry; $100.00 transportation; $65.00 homeowner's or renter's insurance (American Home Shield); $164.00 motor vehicle insurance (Liberty Mutual Insurance); $499.00 motor vehicle payments (Golden 1 Credit Union); $121.00 credit card payments (CapitalOne Visa); $50.00 installment payments (Macys); $68.00 other installment payments (Mission Lane Visa); and $335.00 other payments (2 Visa and 2 Master credit card payments).  (*Id.* at 4).

Plaintiff's spouse claims individual monthly expenses totaling $3165.00, which is below his individual reported income.  (Doc. 4 at 5).  Plaintiff's spouse claims the following itemized monthly expenses: $2,739.00 rent or home-mortgage payment, inclusive of real estate taxes and property insurance; $200.00 food; $35.00 laundry; and $191.00 insurance (Mutual of Omaha).  (*Id.* at 4).  Plaintiff states that she does not expect any major changes to her monthly income or expenses in her assets or liabilities during the next 12 months.  (*Id.* at 5).

> To be sure, the court is sympathetic to the fact that plaintiff does not have a large income, and also has several expenses to contend with.  However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or

1    eliminate, and how to apportion their income between such
     expenses and litigating an action in federal court. Such difficulties
2    in themselves do not amount to indigency.

3    *Core v. California Controllers Office*, No. 2:18-cv-0155-MCE-KJN-PS, 2018 WL 1569416, at

4    *1 (E.D. Cal. Mar. 20, 2018). As noted above, Plaintiff states that she does not expect any

5    major changes to her monthly income or expenses in her assets or liabilities during the next 12

6    months though she is currently in the process of getting a divorce. (*Id.* at 5). Plaintiff and her

7    spouse's total reported monthly income of $5,889.00 exceeds their total combined monthly

8    expenses $5,117.00. Notwithstanding her spouse's reported income and monthly expenses, her

9    application demonstrates that she is able to afford an estimated $1,952.00 in monthly expenses

10   despite receiving only $1,889.00. Although she may not be wealthy, Plaintiff's household

11   income, whether individualized or combined with her spouse, does not suggest that she is living

12   in poverty and that she would not suffer extraordinary hardship from paying the filing fee.

13   *Core*, 2018 WL 1569416, at *1.

14   **Conclusion and Order**

15   Accordingly, Plaintiff is **ORDERED** to make a supplemental filing within 14 days of

16   entry of this order explaining the discrepancies noted above in her initial and long-form

17   applications to proceed *in forma pauperis*. Alternatively, Plaintiff may pay the $405.00 filing

18   fee for this action in full.

19   IT IS SO ORDERED.

20   Dated:   **February 10, 2025**    _____

21                                     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28