UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM BENETHER VAUGHN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00144-JLT-CDB (SS)<br><br>ORDER ON STIPULATED MOTION EXTENDING *NUNC PRO TUNC* TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 21) |

　　　　Plaintiff Kim Benether Vaughn ("Plaintiff") initiated this action with the filing of a complaint on February 5, 2025, seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (Doc. 1). On February 24, 2025, the Court entered the scheduling order, setting forth dates and deadlines for the filing of the administrative record and of cross-motions for summary judgment. (Doc. 10). On September 15, 2025, Plaintiff filed a motion for summary judgment, making Defendant's time to respond due on October 15, 2025. (Doc. 19).

　　　　On October 15, 2025, Defendant filed a motion for a 30-day extension of the filing deadline to November 14, 2025. (Doc. 21). Defendant represents that this is its first request for an extension and Plaintiff does not object to the request. *Id.* at 1. Defendant represents that on September 30, 2025, the appropriations that have been funding the Department of Justice expired and appropriations to the Department lapsed, as with most Executive agencies, including the Social Security Administration (SSA), and it is not clear when funding will be restored by Congress. *Id.*

at 2. Defendant represents that absent an appropriation or continuing resolution, Department of Justice and SSA attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property" but that exception is not deemed to include most civil cases. *Id.* (citing 31 U.S.C. § 1342). Defendant represents that subsequent to restored appropriations, Defendant may also need to request extensions on other impacted deadlines. *Id.*

Based on Defendant's representations that counsel for the government is prohibited from working during the pendency of lapse in appropriations and that counsel for Plaintiff does not oppose the requested continuance, the Court finds good cause to continue the filing deadline as requested.

**Conclusion and Order**

Accordingly, for the reasons set forth in Defendant's motion and for good cause shown, IT IS HEREBY ORDERED:

1. Defendant's due date for filing a response to Plaintiff's motion for summary judgment is extended *nunc pro tunc* from October 15, 2025, to **November 14, 2025**;
2. No further extension will be granted without a timely-filed request by one or both parties (*see* Local Rule 144) supported by a showing of good cause; and
3. The Court's Scheduling Order (Doc. 10) shall continue to govern the filing of any reply brief.

IT IS SO ORDERED.

Dated:   **October 16, 2025**                           _____
                                                         UNITED STATES MAGISTRATE JUDGE